## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Grace Montgomery Johnson,            BKY Case No. 13-41370-MER

            Debtor.            Chapter 7
_____

## MEMORANDUM DECISION
_____

      At Minneapolis, Minnesota, September 11, 2013.

      This case came before the Court on August 15, 2013, on the verified motion of Nauni Jo Manty, the chapter 7 trustee, objecting to the debtor's claim of exemption and the debtor's response thereto. Appearances were as noted on the record. This is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. The Court makes this memorandum decision based on all the files, records and proceedings herein, and pursuant to FED. R. BANKR. P. 7052, made applicable to this contested matter by FED. R. BANKR. P. 9014(c). For the reasons set forth below, the trustee's objection will be overruled.

### I. BACKGROUND

      The salient facts are undisputed. This voluntary chapter 7 case was filed on March 21, 2013. The § 341(a) meeting of creditors was held as scheduled and concluded. The Court granted the debtor a discharge on July 1, 2013. When she filed her chapter 7 petition, the debtor also filed a Schedule C, Property Claimed As Exempt, in which she claimed exemptions under the Minnesota and non-bankruptcy exemptions. On June 6, 2013, the debtor filed an amended Schedule C claiming an exemption in her 2012 Minnesota property tax refund of $1,946.00 under MINN. STAT. § 550.37, subd. 14 (2012), for "government assistance based on need."

The debtor, Grace M. Johnson, is an 88-year-old widow. She lives in her homestead in Bloomington, Minnesota, which has a value of approximately $200,000.00. The debtor's sole source of income is $1,460.00 in monthly social security benefits. From time to time, the debtor has rented out a room in her house to help make ends meet, but her tenant moved out July 31, 2013. The debtor's Schedule I showed that, on the petition date, she was receiving $450.00 from the tenant; she noted, however, that this income would end in June of 2013. Also shown on Schedule I, as additional income in the amount of $250.00, was the pro-rated, monthly portion of the debtor's annual Minnesota property tax refund.

## II.  PROCEDURAL POSTURE

On July 2, 2013, the trustee filed her motion objecting to the debtor's claimed exemption in the 2012 property tax refund. On August 8, 2013, the debtor filed a second amendment to Schedule C, citing MINN. STAT. § 290A.11, subd. 5 (2012), as an additional basis for her claimed exemption of the property tax refund. In addition, the debtor filed a verified response to the trustee's motion. The Court heard argument on the trustee's motion on August 15, 2013, at the conclusion of which the Court invited the parties to file supplemental briefing by August 22, 2013. Both parties timely complied.

Although the trustee's motion and the debtor's original response thereto advanced several arguments in support of their respective positions, the focus of the parties' supplemental briefing was whether the property tax refund was "government assistance based on need" within the meaning of MINN. STAT. § 550.37, subd. 14 (2012).[1] After considering the parties' submissions

---

[1] One point bears mention. In the debtor's original response to the trustee's motion, she advanced somewhat of a passing argument that the refund was excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2), via MINN. STAT. § 290A.11, subd. 5 (2012). By her various

and supplemental briefing, the Court has determined that the debtor's argument regarding MINN. STAT. § 550.37, subd. 14, coupled with the Court's own independent analysis, is dispositive.

III.  ANALYSIS

At the onset, "[t]his Court recognizes the numerous decisions which dictate that exemption statutes are to be construed broadly, to achieve their humanitarian goals." In re Meyer, 105 B.R. 920, 925 (Bankr. D. Minn. 1989) (citing DeCoster v. Nenno, 171 Minn. 108, 213 N.W. 538 (1927); Grimestad v. Lofgren, 105 Minn. 286, 117 N.W. 515 (1908); Rustad v. Bishop, 80 Minn. 497, 83 N.W. 449 (1900); Boelter v. Klossner, 74 Minn. 272, 77 N.W. 4 (1898); Rothschild v. Boelter, 18 Minn. 362 (1872)). Moreover, "[e]xemption statutes must be construed liberally . . . in light of the purposes of the exemption." In re Tomczyk, 295 B.R. 894, 896 (Bankr. D. Minn. 2003) (citing Andersen v. Ries (In re Andersen), 259 B.R. 687, 690 (B.A.P. 8th Cir. 2001) (citing Wallerstedt v. Sosne (In re Wallerstedt), 930 F.2d 630, 631 (8th Cir. 1991)).

Minnesota law provides an exemption for "government assistance based on need." MINN. STAT. § 550.37, subd. 14. Specifically, the statute provides, in relevant part:

> Public assistance. All government assistance based on need, and the earnings or salary of a person who is a recipient of government assistance based on need, shall be exempt from all claims of creditors including any contractual setoff or security interest asserted by a financial institution. For the purposes of this chapter, *government assistance based on need includes but is not limited to*

---

claims of exemption in the 2012 property tax refund, the debtor has effectively conceded that the refund is property of her bankruptcy estate, i.e., the question is whether the debtor may properly exempt the refund. In any event, to the extent the debtor maintains an argument that the refund is not property of the estate, she is estopped from doing so now on the basis that neither her original schedules nor any amendments thereto identified or otherwise preserved any assertion that the refund was not property of the bankruptcy estate. As a practical matter, however, it is a non-issue.

> Minnesota family investment program, general assistance medical care, Supplemental Security Income, medical assistance, MinnesotaCare, payment of Medicare part B premiums or receipt of part D extra help, MFIP diversionary work program, work participation cash benefit, Minnesota supplemental assistance, emergency Minnesota supplemental assistance, general assistance, emergency general assistance, emergency assistance or county crisis funds, energy or fuel assistance, and food support.

MINN. STAT. § 550.37, subd. 14 (emphasis added). In 2009, the Minnesota Legislature substituted the phrase "government assistance based on need" for "relief based on need."[2] But it is evident that the substantive thrust of the statute remains essentially unchanged.

Like the prior version of the statute, a nonexclusive list of examples of "government assistance based on need" is included in the current version. MINN. STAT. § 550.37, subd. 14. In what appears to be the only opinion discussing the exemption since the 2009 amendment, the Minnesota Court of Appeals observed that "[a]ll of the programs listed [in MINN. STAT. § 550.37, subd. 14] provide direct *payments or subsidies to address the basic economic needs of low-income recipients*." Burns v. Einess, Nos. A11–448, A11–707, 2011 WL 5829323, at *5 (Minn. Ct. App. Nov. 21, 2011) (emphasis added).

One of the examples, "Supplemental Security Income" ("SSI"), remains listed as a type of "government assistance" that is exempt "based on need." MINN. STAT. § 550.37, subd. 14. It

---

[2] See MINN. LAWS 2009, c. 31, § 2. The statute previously read, in relevant part:

> Subd. 14. Public assistance. All relief based on need, and the earnings or salary of a person who is a recipient of relief based on need, shall be exempt from all claims of creditors including any contractual setoff or security interest asserted by a financial institution. For the purposes of this chapter, relief based on need includes MFIP, work first, general assistance medical care, supplemental security income, medical assistance, Minnesota supplemental assistance, and general assistance.

MINN. STAT. § 550.37, subd. 14 (2008).

is evident that SSI was and still is illustrative of what constitutes "government assistance based on need." Id. It is also noteworthy that, for purposes of determining a person's eligibility for SSI, property tax refunds and other forms of government assistance are expressly excluded from the person's income. See 42 U.S.C. § 1382a(b)(5) & (6) (2010) ("In determining the income of an individual (and his eligible spouse) there shall be excluded– . . . (5) *any amount received from any public agency as a return or refund of taxes paid on real property* . . . ; (6) *assistance, furnished to or on behalf of such individual (and spouse), which is based on need* and furnished by any State or political subdivision of a State[.]") (emphasis added). See also 42 U.S.C. § 1382a(b)(11) (2010) (exclusion from income for emergency disaster relief, which is analogous to the several types of "emergency" assistance specifically listed in MINN. STAT. § 550.37, subd. 14); 42 U.S.C. § 1382a(b)(14) (2010) (exclusion for various forms of housing assistance, which is analogous to some of the forms of "assistance" listed in MINN. STAT. § 550.37, subd. 14). That SSI is specifically listed as an example in MINN. STAT. § 550.37, subd. 14, is instructive. Perhaps more importantly, at least for purposes of this decision, it is also telling that the federal government explicitly recognizes the special character of property tax refunds (along with other enumerated types of government assistance), which, for purposes of determining eligibility for SSI, are expressly excluded from income. See 42 U.S.C. § 1382a(b)(5).

The exemption under MINN. STAT. § 550.37, subd. 14, has previously been considered by at least two bankruptcy courts in this district. First, the court in Tomczyk held that the phrase "relief based on need" in the earlier version of the statute (now "government assistance based on need") includes more than the examples listed within the statutory text of MINN. STAT. § 550.37, subd. 14, i.e., "[t]he wording of the Minnesota statutory provision, 'relief based on need',

includes more than the examples provided within the text.  The word 'includes' is not exclusionary and the list in the statute therefore is not exclusive."  Tomczyk, 295 B.R. at 896 (albeit applying the pre-2009 phraseology of the statute, but holding that the portion of debtor's tax refunds attributable to the federal Earned Income Credit and the Minnesota Working Family Credit was exempt under Minnesota as "relief based on need" under MINN. STAT. § 550.37, subd. 14).  In ruling in favor of the debtor in that case, the court also considered, *inter alia*, the purpose underlying the Earned Income Credit, noting that the Supreme Court had observed that Congress enacted the Earned Income Credit to, among other things, "provide relief for low income families hurt by rising food and energy prices."  Tomczyk, 295 B.R. at 896 (citing Sorenson v. Sec'y of Treasury, 475 U.S. 851, 864 (1986)).  The foundational analysis provided by the court in Tomczyk, i.e., that MINN. STAT. § 550.37, subd. 14, is inclusive, not exclusionary, remains good law; so too does its observation that "[e]xemption statutes must be construed liberally . . . in light of the purposes of the exemption."  Tomczyk, 295 B.R. at 896.

     Like the court did in Tomczyk regarding the Earned Income Credit, this Court must undertake an analysis regarding the State of Minnesota Property Tax Refund Act, which is codified at MINN. STAT. §§ 290A.01-290A.27 (2012) ("the Act").  The purpose behind the Act is expressly stated in the statutory text.  *See* MINN. STAT. § 290A.02 ("The purpose of this chapter is to provide property tax relief to certain persons who own or rent their homesteads."); Nagaraja v. Comm'r of Revenue, 352 N.W.2d 373, 376 (Minn. 1984) (noting the "express purpose of the Act" and citing MINN. STAT. § 290A.02).  The Minnesota Supreme Court has stated that the "legislative intent in enacting . . . [the Act] was to shift property tax burdens according to a family's ability to pay."  Murphy v. Hiniker, 261 N.W.2d 836, 840 (Minn. 1978)

6

(also recognizing that "it is clear that the overall purpose is equalization, not only economic and social, but geographical"). Thus, the primary question presented by this case: whether property tax refunds fit within the scope of MINN. STAT. § 550.37, subd. 14.

In a case similar to this one, the court in In re Slennes, BKY Case No. 07-50801-GFK (Bankr. D. Minn. August 8, 2008) expressly held that the debtor's right to a 2008 Minnesota property tax refund fit within the legislative ambit of "relief based on need" and was therefore exempt under MINN. STAT. § 550.37, subd. 14.[3] The court reasoned that the legislative purpose behind the Act supported its ruling. First, the court concluded that the court's observation in Tomczyk was correct, i.e., that the list of examples set out in MINN. STAT. § 550.37, subd. 14, is not exclusive. The court further concluded that, in relation to the Act, the legislature identified a need for property tax relief and dictated that individuals within the boundaries of the need–also legislatively defined–should receive the property tax refund.[4] Thus, the court overruled the trustee's objection to the debtor's claim of exemption in her right to a 2008 Minnesota property tax refund.

The court's decision in Slennes is squarely on point as to the issue presented in this case. The Court is persuaded by the court's grounded and sensible rationale in Slennes that the debtor

---

[3] The court's August 8, 2008 order in Slennes was actually a relatively short order that merely summarized the court's much more substantive ruling from the bench. The court's thoughtful and cogent analysis was orally stated and recorded in open court two days earlier on August 6, 2008. The original sound recording of this hearing was maintained by and is available through the clerk's office.

[4] The court in Slennes also expressly found that the mere fact that property tax refunds may inure to the benefit of some in the "middle class," in however small portion, did not affect the refund being considered as "relief based on need." Consequently, this Court is not persuaded by the trustee's argument that a property tax refund may not be exempted under MINN. STAT. § 550.37, subd. 14, if persons of higher income may, in certain circumstances, qualify for a refund.

is entitled to exempt her 2012 property tax refund under MINN. STAT. § 550.37, subd. 14, as "government assistance based on need." The Court is also satisfied that the analysis in <u>Slennes</u> is only bolstered by the foundational analysis articulated in <u>Tomczyk</u> regarding the scope of MINN. STAT. § 550.37, subd. 14, as well as the legislative purpose behind the Act.

Accordingly, for the reasons articulated in this memorandum decision,

**IT IS HEREBY ORDERED THAT**:

1. The trustee's objection to the debtor's claim of exemption in her 2012 property tax refund is overruled.

2. The debtor's exemption in her 2012 property tax refund is allowed in its entirety under MINN. STAT. § 550.37, subd. 14.

*/e/ Michael E. Ridgway*
Michael E. Ridgway
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 09/11/2013
Lori Vosejpka, Clerk, by SS